**BROWN et al. v. MINTER, Ex'r, et al.**

No. 10684—Opinion Filed June 27, 1922.

(Syllabus.)

**Wills — Probate — Sufficiency of Evidence on Appeal**

The record examined, and held, that the order of the district court ordering the will to probate and finding that the deceased at the time of making the will was of sound and disposing mind and was not acting under duress, fraud, or undue influence, is not clearly against the weight of the evidence, but is supported by a preponderance of the evidence, and will not be reversed.

Error from District Court, Marshall County; J. M. Crook, Judge.

Upon petition of J. O. Minter, executor, the will of Joe Brown, deceased, admitted to probate in district court upon appeal from like action of county court, and from the judgment Josephine Brown and another, contestants, bring error. Affirmed.

T. B. Orr, for plaintiffs in error.

J. O. Minter and Rider & Hart, for defendants in error.

McNEILL, J. This action originated in the county court of Marshall county by J. O. Minter filing a petition to probate the will of Joe Brown, a full-blood Indian, which will had been approved by the county judge of Marshall county. Odis L. Brown and Josephine Brown, minor children of the said Joe Brown, filed a protest against admitting said will to probate, and upon hearing the protest was overruled, and the will admitted to probate. An appeal was taken to the district court, where the case was tried de novo, and the district judge admitted said will to probate. From said judgment, appeal has been taken to this court.

The probate attorney, T. B. Orr, was appointed guardian ad litem for said minors. No briefs have been filed, and this court would be justified in dismissing the appeal for want of prosecution, but in view of the fact that the interests of certain minors are involved, the court has deemed it advisable to examine the record. The material facts

are about as follows: Joe Brown, a full-blood Chickasaw Indian, left surviving him his wife, Ella Brown, and two children, the contestants herein, and two step-children, Nora Andrews and Alpha Mandress, being children of Ella Brown by a former marriage, who made their home with Joe Brown, since about ten years of age, until their marriage. The will was executed the 10th day of February, 1918, and Joe Brown died February 14, 1918. At the time of his death he was the owner of 200 acres of land located in Marshall county, which, according to the petition, was valued at $2,500, and personal property valued at $250. He bequeathed to his wife 50 acres of land, being one-half of his homestead allotment. He bequeathed to his wife's two daughters, Nora Andrews and Alpha Mandress, 100 acres to them in equal shares. The third bequest was the remainder of the estate to be divided equally beween his wife, Ella Brown, his son, Odis L. Brown, and his daughter, Josephine L. Brown. His own children, the contestants, had received an allotment of their own, which they still owned, but the step-children were noncitizens and had not received allotments.

It was contended in the trial court that the deceased was not of sound and disposing mind and was acting under duress, menace, fraud, and undue influence at the time of executing the will. The will was prepared by J. O. Minter, who was named as executor in the will. The executor testified the decedent told him how he wanted to dispose of his property, and appeared to be rational. The subscribing witnesses also testified to that fact. The county judge who approved the will also testified to that fact. The county judge, however, stated that he was not advised that the devisees Nora Andrews and Alpha Mandress were step-children of the deceased. He stated that Brown was quite sick at the time, but appeared to be rational, having talked to him upon other subjects, and was a fairly intelligent Indian for a full-blood.

The evidence on behalf of opponents consisted of two witnesses, one a physician and the other a son-in-law of the physician; but neither of these parties' testimony went to the extent that the deceased was of unsound mind, and unable to understand the nature of the will, although the evidence to a certain extent might be construed that he was hardly able to transact business. The evidence in this case is somewhat conflicting, but the great weight of the evidence supports the judgment of the court that testator was of sound and disposing mind at the time of executing the will. There is no

evidence of duress, fraud, or undue influence. The finding of the trial court is not clearly against the weight of the evidence, but, upon the other hand, we think the finding of the court is supported by a preponderance of the evidence.

For the reasons stated, the judgment of the court is affirmed.

HARRISON, C. J., and JOHNSON, ELTING, and NICHOLSON, JJ., concur.